ELDON LONG, Plaintiff-Appellant, *v.* GEORGE KISSNER *et al.*, Defendants-Appellees.

(No. 70-111;

Fifth District—January 7, 1972.

Lionel E. Clark, of Fairfield, for appellant.

Marshall, Feiger, Robison & Quindry, of Fairfield, (John C. Robison, of counsel,) for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment order entered in causes involving boundary rights and rights of surface drainage of lands in Wayne County. The judgment order appealed from was entered by the court without participation of a jury.

The initial suit was instituted by the plaintiff against the defendant, Farm Land Development Corporation, for an injunction and other relief in regard to certain ditching operations then being conducted along the boundary between lands owned by the parties. The defendant, George Kissner was later added as an additional party defendant when it was determined that he owned a portion of the land alleged to have been owned by Farm Land Development Corporation. The defendant, Allen Smith, was added as a party defendant as the person in immediate supervision and control of the ditching operation. Some ten days later the plaintiff instituted a separate action against the defendant, Farm Land Development Corporation, seeking the appointment of a commission of surveyors and the fixing of boundaries of lands owned by those two parties as provided by the provisions of Chapter 133, Sections 13 and 14, Ill. Rev. Stat.

Thereafter all of the parties (the plaintiff and the defendants, George Kissner, Farm Development Corporation and Allen Smith), entered into a stipulation wherein they agreed to the appointment of a commission of surveyors, and further agreed that upon the filing of a report of that commission and approval thereof by the court, that all matters in issue between the parties would be settled in accordance with the agreement of the parties as contained in the stipulation, and in accordance with the report of the commission.

Upon the filing of its report by the commission, the court, after a hearing on the report, entered an order generally approving the report, and further ordering that the commission file an amended report and plat for the purpose of the location of a certain road running between the lands

of the parties and for the purpose of showing measurements of the various properties of the parties.

Subsequently the court entered an order approving the amended report and plat filed by the commission. In that order the court found that the commissioners had fully complied with the stipulation entered into by the parties. In the same order the court dissolved certain temporary injunctions which had previously been issued, ordered the dismissal of all of the aforementioned suits, and fixed and taxed costs.

In response to this order of the court, the plaintiff filed a motion to vacate the orders, wherein in substance it was alleged that the commissioners had failed to act as a commission, and that all plats approved by the court were replete with obvious errors.

Prior to the hearing on the motion to vacate, a new plat amending the amended plat was presented to the court; it purported to correct certain errors set forth in the motion to vacate. At the conclusion of the hearing on the motion to vacate, the court ordered the commissioners to execute and file this second amended plat and upon its execution and filing, approved the plat and denied the plaintiff's motion to vacate.

The plaintiff has appealed from the final judgment, urging that the court abused its discretion in denying his motion to vacate and in ordering a further plat filed and approving the same. More specifically, the plaintiff argues that the commission appointed by the court pursuant to the stipulation failed to act as a commission in making its survey and report; that the second amended plat was not within the range of reasonable error allowable in surveys of the type involved; that the court erred in denying the plaintiff's request for the testimony of all the members of the commission prior to the approval of the second amended plat, and that the testimony of the commissioner that did testify indicates that the commission failed to make an adequate survey, necessary measurements and computations.

None of the parties to this proceeding have found it necessary to cite authority for their opposing positions, nor do we find it necessary in rendering our decision.

It should be noted at the outset that the parties agreed to be bound by the report and plat of the commission when approved by the court, as provided by the stipulation entered into between the parties. It is clear from the stipulation, and there is apparently no dispute between the parties as to this, that the court would have judicial powers in regard to the report and plat. This authority, as we envision it, encompassed not only the general discretionary authority vested in our courts, but specific authority granted to the court by virtue of the statutory provisions under which these proceedings were brought.

Section 14 of Chapter 133, Ill. Rev. Stat. provides in part:

"Upon the filing of said report, any person whose interest may be affected by said survey shall be at liberty to enter his objections to said report, and the court shall hear and determine said objection, and enter an order or judgment either approving or rejecting said report, or modifying and amending the same according to the rights and interests of the parties, or may refer the same back to said commission to correct their report and survey in conformity with the judgment of the court; * * *"

■■ The specific acts or omissions of the court alleged by the plaintiff to constitute an abuse of discretion may be disposed of readily. The plaintiff's argument that the commission failed to act as a commission rests upon the assertion that one of the commissioners, acting alone, corrected certain errors which were set forth in the plaintiff's motion to vacate and presented the court with the second amended plat at the hearing on that motion. Even if we were to determine this to be error in the absence of statute, we note that Section 14 gives the court authority to do this very act in the phrase, "* * * and enter an order or judgment either approving or rejecting said report, or modifying and amending the same according to the rights and interests of the parties, * * *." The fact that the court directed the commissioners to execute the second amended plat and then file it with the court does not alter the situation.

■ By the same token the court did not abuse its discretion in refusing the plaintiff's request of hearing the testimony of all the commissioners prior to approval of the second amended plat. As noted above, the court had authority to make the modification itself.

The plaintiff's allegations that the plat was not within the range of reasonable error allowable in surveys of the type involved, and that the testimony indicates that the commission failed to make an adequate survey is also without merit.

■■ The first is based upon testimony of one of the commissioners in early portions of the proceeding wherein it was stated that the commission would seek to limit themselves to error in measurements of not more than one foot per mile as compared to an apparent error of .45 feet in the measurement of one of the quarter-quarter sections. Appellant has not pointed out how the specific variation effects the area in dispute, or whether the variation occurs in a disputed area. Although this Court requested appellant, upon granting leave to file additional excerpts, to demonstrate admissability and the probative value of the matters set forth, appellant has responded by showing variations which he contends show the failure of the commissioners to properly carry out their appointed purpose, but does not point out in what manner he is prejudiced

by the alleged errors with which he charges them. It should also be noted that the survey encompassed in excess of five hundred acres. When the parties have stipulated, as they have here, the burden is on the dissatisfied party to show prejudice by clear and convincing evidence. We cannot say the court abused its discretion in this regard.

Accordingly, the judgment of the Circuit Court of Wayne County is affirmed.

Judgment affirmed.

MORAN and CREBS, JJ., concur.